## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| **AMY PHAN**, on behalf of herself and all others similarly situated, | ) ) |
|  | ) |
| Plaintiff, | ) |
|  | )   Civil Action No. _____ |
| v. | ) |
|  | ) |
| **CARRINGTON MORTGAGE SERVICES, LLC**, | ) ) |
|  | ) |
| Defendant. |  |

### NOTICE OF REMOVAL

Please take notice that Defendant Carrington Mortgage Services, LLC ("Defendant" or "Carrington") removes the above-captioned action from the Providence/Bristol County Superior Court, State of Rhode Island, CA No. PC-2017-5636, to the United States District Court for the District of Rhode Island.  This Notice is filed pursuant to 28 U.S.C. §§ 1331, 1332, 1441, 1446 and 1453.  As grounds for removal, Carrington states as follows:

### Background

1.      On November 27, 2017, Plaintiff Amy Phan ("Plaintiff" or "Phan") filed a putative class action complaint (the "Complaint") in the Providence/Bristol County Superior Court, State of Rhode Island.

2.      In her Complaint, Phan alleges that Carrington violated a United States Department of Housing and Urban Development ("HUD") regulation set forth at 24 C.F.R. § 203.604(b) requiring a face-to-face interview with mortgagors after default but prior to commencing foreclosure proceedings ("HUD Regulation"), which was incorporated into mortgage agreements executed by her and putative class members.  (Compl. ¶¶ 2, 30-31, 72-73.)

According to Plaintiff, Carrington breached the mortgage agreements by failing to conduct face-to-face interviews as required by the HUD Regulation.  (*Id.*)

3.     As a result of Carrington's alleged HUD Regulation violation, Plaintiff claims to have suffered damages including loss of equity in her home, money spent on funding bankruptcy, legal defense of foreclosure and eviction, moving and relocation expenses, loss of property interest and home without opportunity to engage in loss mitigation efforts, negative impact to credit rating, and extreme emotional distress.  (*Id.* at ¶¶ 37-39.)

4.     Plaintiff thus asserts, on behalf of herself and a putative class, a single count for breach of contract premised upon violation of the HUD Regulation, and seeks declaratory and injunctive relief, actual, monetary, punitive and exemplary damages, restitution, an accounting, attorneys' fees and costs, equitable relief and all other relief as provided by state law.  (*Id.* at ¶¶ 55-88.)

5.     The Complaint and Summons were served on Carrington on March 28, 2018.  As required by 28 U.S.C. § 1446(a), a copy of all process, pleadings and orders served upon Carrington are attached to this Notice as **Exhibit A**.

## Venue

6.     Venue in this Court is proper under 28 U.S.C. § 1441(a) as this Court is the United States District Court for the district and division corresponding to the place where the state court action was pending.

## Timeliness

7.     This Notice is being filed within 30 days of service on Carrington on March 28, 2018 and is, therefore, timely under 28 U.S.C. § 1446(b).

**Notice to Plaintiff**

8.      Concurrently with the filing of this Notice, Carrington has provided written notice of removal to counsel for Plaintiff and has filed a copy of this Notice with the clerk of the Providence/Bristol County Superior Court, State of Rhode Island.

**The Parties**

9.      The Plaintiff resides in and alleges that she is a citizen of the State of Rhode Island (Compl. ¶ 13), and therefore is presumed to be a citizen of the State of Rhode Island. Moreover, Plaintiff seeks to represent a class of individuals defined in relevant part as "all homeowners or former homeowners wherein Defendants foreclosed the mortgages and sold at mortgagee's foreclosure sales, property of Plaintiff and members of the class, and wherein Defendant Carrington failed to have a face-to-face interview with the mortgagor. . . ." (Compl. ¶ 35.)

10.      Defendant Carrington is a Delaware limited liability company, with its principal place of business located in Anaheim, California.  Carrington's sole member is Carrington Mortgage Holdings, LLC, a Delaware limited liability company with its principal place of business in Anaheim, California.  Carrington Mortgage Holdings, LLC's members are Carrington Holding Company, LLC, a Delaware limited liability company with its principal place of business in Greenwich, Connecticut, and a private individual who is not a citizen of the State of Rhode Island.  Carrington Holding Company, LLC's sole member is The Carrington Companies, LLC.  The Carrington Companies, LLC is a Delaware limited liability company with its principal place of business in Greenwich, Connecticut.  The Carrington Companies, LLC's members are three private individuals who are not citizens of the State of Rhode Island.

11.     Accordingly, because a limited liability company's citizenship is predicated upon the citizenship of its members, Carrington is not a citizen of Rhode Island for diversity purposes. 28 U.S.C. § 1332(c)(1).

12.     For purposes of determining diversity under the Class Action Fairness Act, Carrington is a citizen of the States of California and Delaware, the states wherein it has its principal place of business and under whose laws it is organized, respectively.  28 U.S.C. § 1332(d)(10).

**First Basis for Federal Jurisdiction:  Diversity Between Property Joined Parties**

13.     This Court has original jurisdiction over this putative class action pursuant to 28 U.S.C. § 1332(a).

14.     Under 28 U.S.C. § 1332(a), original jurisdiction lies with this Court if the amount in controversy exceeds $75,000, exclusive of interest and costs, and if there is complete diversity between the parties.

15.     As admitted in the Complaint, Plaintiff resides in the State of Rhode Island (Compl. ¶ 13) and is therefore a citizen of the State of Rhode Island.  For purposes of determining traditional diversity jurisdiction, Defendant Carrington is not a citizen of the State of Rhode Island.  (*See* ¶¶ 10-11, above.)  Therefore, the parties are completely diverse.

16.     The Plaintiff seeks "actual, monetary, punitive and exemplary damages, restitution, an accounting, attorneys' fees and costs, equitable relief and all other relief as provided by state law" (Compl. ¶ 88), including the following forms of relief:

- "declaratory judgment determining that the foreclosures and mortgagee's foreclosure sales of [Plaintiff's and putative class members'] properties are void" (Compl. ¶ 84); and

- "injunction preventing the transfer of the right, title, and interest in [Plaintiff's and putative class members'] properties" (*Id.* at ¶ 85).

17.     Plaintiff alleges her mortgage secured a note "in the amount of One Hundred Ninety Two Thousand Seven Hundred Seventeen and 00/100 ($192,717.00) Dollars," and that her property was scheduled to be sold on November 28, 2017.  (*Id.* at ¶¶ 25, 29.)  Additionally, the City of Providence Assessor's Office has appraised the mortgaged property as having a value of $143,100.  *140 Wilson Street*, Providence, RI Online Assessment Database (April 11, 2018, 4:20 PM), http://gis.vgsi.com/providenceri/Parcel.aspx?Pid=9475.

18.     Here, where Plaintiff seeks declaratory and injunctive relief relating to the mortgaged property, the amount in controversy includes the value of that property (in addition to other damages or relief requested in the same complaint).  *See Bedard v. Mortg. Elec. Registration Sys., Inc.*, Civil No. 11-cv-117-JL, 2011 WL 1792738, at *2-3 (D.N.H. May 11, 2011) ("in a case seeking equitable relief [injunction against the announced foreclosure sale], the fair market value of the property is an acceptable measure of the amount in controversy for purposes of diversity jurisdiction.") (citations omitted); *Burr v. JPMorgan Chase Bank, N.A.*, Civil Action No. 4:11-CV-03519, 2012 WL 1016121, at *3-5 (S.D. Tex. March 23, 2012) (denying motion to remand because amount in controversy included property value and other damages sought in the complaint, which exceeded $75,000); *see also Lindsey v. JPMorgan Chase Bank Nat'l Ass'n*, Civil Action No. 3:12-CV-4535-M-(BH), 2013 WL 2896897, at *17 (N.D. Tex. June 13, 2013) (finding amount-in-controversy requirement met by taking judicial notice of county tax appraisal set forth on public website).  Accordingly, the amount in controversy exceeds $75,000.

19.     Because the named parties are completely diverse and the amount in controversy exceeds $75,000, this Court has federal diversity jurisdiction.

**<u>Second Basis for Federal Court Jurisdiction:  Class Action Fairness Act</u>**

20.     This Court also has original jurisdiction over this putative class action pursuant to the Class Action Fairness Act ("CAFA"), codified in relevant part at 28 U.S.C. §§ 1332(d) and 1453.  Specifically, jurisdiction is proper under 28 U.S.C. §§ 1332(d)(2)(A) and (5)(B).

21.     Under CAFA, federal jurisdiction exists over a putative class action if:  (i) there is "minimal diversity," which means that at least *one* class member (named or unnamed) must be a citizen of a state that is different than the state of citizenship of *any* defendant; (ii) there are at least 100 members in the proposed class; and (iii) the case involves an aggregate amount in controversy greater than $5 million, exclusive of interest and costs.  28 U.S.C. §§ 1332(d)(2)(A), (d)(5)(B), (d)(6).

22.     Under CAFA, a limited liability company is a citizen both of the state where it has its principal place of business and under whose laws it is organized.  28 U.S.C. § 1332(d)(1).  As demonstrated above, Plaintiff is a citizen of the State of Rhode Island, while Carrington is a citizen of the States of California and Delaware.  (*See* ¶¶ 9-10 and 12, above.)  Accordingly, the CAFA "minimal diversity" requirement is satisfied.

23.     Here, Plaintiff seeks to certify a class consisting of "all homeowners or former homeowners wherein Defendants foreclosed the mortgages and sold at mortgagee's foreclosure sales, property of Plaintiff and members of the class, and wherein Defendant Carrington failed to have a face-to-face interview with the mortgagor, in breach of the mortgage contract at paragraph 9(d) and in violation 24 CFR 203.604(b). . . . [e]xcluded from the class are governmental entities, the Defendant, their affiliates and subsidiaries, the Defendant's current employees and current or former officers, directors, agents, representatives, their family members, the members of this Court and its staff."  (Compl. ¶¶ 35, 42.)

24.    Plaintiff's proposed class is not limited by time or geography.  (*Id.*)  Additionally, Plaintiff alleges that she "does not know the exact size or identities of the members of the class. . . [but] believes that the class encompasses hundreds of individuals whose identities can be readily ascertained from Defendant's books and records."  (*Id*. at ¶ 43.)

25.    As the proposed class in this action is limited by neither time nor geography, it includes *every* individual:    (i) who executed a mortgage securing a Federal Housing Administration ("FHA") loan and incorporating the HUD Regulation ("FHA Mortgage"); (ii) whose FHA Mortgage is currently or was previously held by Carrington; (iii) and whose mortgaged property was foreclosed by or at the direction of Carrington without compliance with 24 CFR 203.604(b).  (Compl. ¶ 35.)

26.    Carrington reasonably and in good faith believes that if, as Plaintiff alleges, there are "hundreds" of members in the class, then the amount in controversy would exceed $5 million of debt (exclusive of interest and costs).

27.    Finally, neither of CAFA's two principal jurisdictional exceptions—the home state exception or the local controversy exception—are applicable to this proceeding.  The home state exception can only be invoked if all of the primary defendants are citizens of the state in which the action is brought.  28 U.S.C. § 1332(d)(4)(B).  This action was brought in the State of Rhode Island, and Carrington is a citizen of the States of California and Delaware.  (*See* ¶¶ 1 and 12, above.)    Therefore, the home state exception is not applicable.    Similarly, the local controversy exception can only be raised if there is an in-state defendant from whom significant relief is sought and whose alleged conduct forms a significant basis for the claims asserted by the proposed class.  28 U.S.C. § 1332(d)(4)(A).  Again, Carrington is the sole defendant and a

citizen of the States of California and Delaware, not the State of Rhode Island.  (*See* ¶ 12, above.)  Thus, there is no local controversy.

28.    For these reasons, the above-captioned case meets the CAFA requirements which confers upon this Court original jurisdiction.

## Third Basis for Federal Jurisdiction:  Federal Question

29.    This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 because the sole count set forth in the Complaint is predicated upon an alleged violation of federal regulation 24 C.F.R. § 203.604(b) (the "HUD Claim").  (Compl. ¶¶ 55-88.)

30.    Because the HUD Claim raises a federal question requiring a determination of whether or not 24 C.F.R. § 203.604(b) was violated, this action is removable.

## Jury Demand

31.    Defendant requests trial by jury of all issues.

## Conclusion

WHEREFORE, Defendant Carrington Mortgage Services, LLC respectfully removes this action, entitled *Amy Phan v. Carrington Mortgage Services, LLC*, CA No. PC-2017-5636, currently pending in the Providence/Bristol County Superior Court, State of Rhode Island, to this Court and requests that this Court assume full jurisdiction as provided by law.

Dated:  April 17, 2018                    Respectfully submitted,

DENTONS US LLP

By:  */s/  William M. Gantz*

William M. Gantz
DENTONS US LLP
101 Federal Street
Suite 2750
Boston, MA 02110-1873
Telephone:  (617) 235-6816

Facsimile:  (312) 876-7934
*bill.gantz@dentons.com*

Nathan L. Garroway (*pro hac vice* pending)
DENTONS US LLP
303 Peachtree Street, NE
Suite 5300
Atlanta, GA 30308
Telephone:  (404) 527-4000
Facsimile:  (404) 527-4198
*nathan.garroway@dentons.com*

Shannon Y. Shin (*pro hac vice* pending)
DENTONS US LLP
233 S. Wacker Drive
Suite 5900
Chicago, IL 60607
Telephone:  (312) 876-8000
Facsimile:  (312) 876-7934
*shannon.shin@dentons.com*

***Attorneys for Defendant Carrington
Mortgage Services, LLC***

## CERTIFICATE OF SERVICE

I, William M. Gantz, hereby certify that on April 17, 2018, the foregoing document was filed via the Court's CM/ECF system, which may or may not send notification of such filing to the below-listed counsel; therefore I will serve same by email and first class U.S. Mail to:

Todd S. Dion, Esq.
15 Cottage Avenue, Suite 202
Quincy, MA 02169
*toddsdion@msn.com*

*/s/ William M. Gantz*
William M. Gantz